FILED

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

2014 APR 28  P 4: 44

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| **MARJORIE ARNOLD** | ) |
| **RONDU ARNOLD** | ) |
| *individually and on behalf of* | ) |
| *all others similarly situated,* | ) |
| | ) |
| Plaintiffs, | ) |
| **v.** | ) |
| | ) |
| **REALPAGE, INC.** | ) |
| | ) |
| **SERVE: United Corporate Services, Inc.** | ) |
| **7705 Yolanda Road** | ) |
| **Richmond, VA 23229** | ) |
| | ) |
| Defendant. | ) |

CIVIL ACTION NO. _1:14CV466_
_JCC/TCB_

### CLASS COMPLAINT

COME NOW the Plaintiffs, Marjorie Arnold and Rondu Arnold, individually and on behalf of all similarly situated individuals, by counsel, and for their complaint against the Defendant, they allege as follows:

### PRELIMINARY STATEMENT

1.      This is an action for actual, statutory and punitive damages, costs and attorney's fees brought against Defendant pursuant to 15 U.S.C. § 1681 *et seq.* (Federal Fair Credit Reporting Act or "FCRA").

### JURISDICTION

2.      The jurisdiction of this Court is conferred by the FCRA, 15 U.S.C. § 1681(p) and 28 U.S.C. §1331.

3.      Venue lies properly in this District and Division pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

4.      The Plaintiff, Marjorie Arnold ("Ms. Arnold"), is a natural person and a consumer as defined by 15 U.S.C. § 1681a(c).

5.      The Plaintiff, Rondu Arnold ("Mr. Arnold"), is a natural person and a consumer as defined by 15 U.S.C. § 1681a(c).

6.      Defendant RealPage, Inc. ("Real Page") is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f) that regularly conducts business in the Commonwealth of Virginia. Real Page is also a "reseller" that assembles and merges information contained in the databases of other consumer reporting agencies and resells the data to third parties, as defined in 15 U.S.C. § 1681a(u).

## FACTS

### *Real Page Furnishes an Inaccurate Report on Marjorie and Rondu Arnold*

8.      Plaintiffs Marjorie and Rondu Arnold applied to rent an apartment in October 2013.

9.      On or around October 15, 2013, Real Page prepared separate consumer reports regarding Marjorie and Rondu Arnold and provided it to the landlord's listing broker, Long & Foster, for a fee.

10.     The report sold by Real Page contained derogatory and inaccurate information relating to Plaintiffs, including that the Plaintiffs had "an eviction" within the last seven years.

11.     Upon information and belief, as a matter of policy and practice, Real Page reports that consumers have "an eviction" once any lawsuit for possession of real property is filed even when the case is resolved in favor of the consumer, dismissed, or is otherwise terminated without a court order removing the consumer from the property.

12.    The reporting of the eviction was inaccurate and/or incomplete and occurred because Real Page failed to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it publishes and maintains concerning Plaintiffs. Specifically, upon information and belief, Real Page does not follow the same automated and systematically rigorous processes to obtain dismissal information that it follows to obtain the initial derogatory entry of the lawsuit.

13.    In Plaintiffs' instance, if Real Page had followed such procedures, it would have reported an update in its records to show that the unlawful detainer lawsuit was dismissed shortly after it was filed in August 2011.

14.    In fact, such information regarding the dismissal of Plaintiffs' unlawful detainer was publically available, free, and easily accessible to Real Page.

15.    Yet, upon information and belief, Real Page failed to adopt reasonable procedures (or any procedures whatsoever) to update and correct its public record information concerning eviction proceedings.

### *Real Page Misrepresents the Source of Information in Plaintiffs' Credit File And Fails To Provide Plaintiffs With All of the Information in Their Files.*

16.    After Plaintiffs' application for the apartment was denied due to the credit report provided by Real Page, Plaintiffs sent a letter to Real Page requesting a copy of all of the information in Plaintiffs' file.

17.    In response, Real Page mailed correspondence to Plaintiffs on or around October 24, 2013, with some of the information in its files, but omitted other information including a bankruptcy that was listed in the consumer report furnished to Long & Foster on or around October 15, 2013.

18.     Upon information and belief, this information was omitted from Plaintiffs' file because it was provided to Real Page by Experian, Equifax, Trans Union, or TeleCheck, Services, Inc., and as a matter of Real Page's policies and procedures, it does not provide consumers with the information obtained from these other credit reporting agencies, even though such information is part of the consumer's file as defined by 15 U.S.C. § 1681a(g).

19.     In addition, Real Page failed to provide the name of the source(s) of the information in Plaintiffs' files with respect to the unlawful detainer case.

20.     Instead, Real Page's consumer disclosure altogether omits the source(s) of the public record information in Plaintiffs' files and/or suggests that the courthouse is the source of the information.

21.     Upon information and belief, as a matter of common practice, Real Page obtains the information it reports about consumers from an intermediary entity that resells its database to Real Page. Real Page does not receive any public records directly from Virginia courts, such as the Prince William County General District Court.

22.     Moreover, if and when Real Page receives a request from the consumer for the information in the consumer's file, Real Page never identifies the source(s) of information that provided the public records to Real Page, who is an undisclosed private company (also referred to as the "Vendor") from which it purchased the reports.

23.     Upon information and belief, Real Page obtained this public record information regarding the Plaintiffs and all putative class members from the same Vendor.

24.     Upon information and belief, this Vendor is paid less, or not at all, when it updates public records as dismissed, vacated, or satisfied.

25.     This Vendor is a "source" as governed by the FCRA and triggers certain responsibilities for Real Page about the data furnished through this relationship.

26.     Notwithstanding this reality, Real Page failed to disclose and entirely omitted the source of the information in Plaintiffs' files in violation of 15 U.S.C. § 1681g(a)(2). Moreover, Real Page failed to provide Plaintiffs with all of the information in their file at the time of the request, including the bankruptcy information provided to Long & Foster in violation of § 1681g(a)(1).

27.     Furthermore, the "Summary of Rights" that the Defendant attached to the Plaintiffs' consumer disclosure did not comply with the FCRA.

28.     For example and without limitation, the "Summary of Rights" that the Defendant provided to the Plaintiffs did not contain the complete contact information at the end of the form.

29.     At all times pertinent to this Complaint, Real Page's conduct was willful and carried out in reckless disregard for a consumer's rights under the FCRA. By example only and without limitation, Real Page's conduct is willful because it was intentionally accomplished through its intended procedures; these procedures have continued despite the fact that Real Page and other consumer reporting agencies have been subject to court decisions in other states critical of similar conduct; and Real Page will continue to engage in this conduct because it believes that there is greater economic value in hiding information from consumers, as well as collecting and reporting derogatory public record information than updating consumers' reports with information that would fully cancel or render the previous reporting of the public record irrelevant.

## COUNT ONE: VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. §1681e(b)
### Class Claim

30.    Plaintiffs restate each of the allegations in the preceding paragraphs as if set forth at length herein.

31.    **The 1681e(b) Class.** Pursuant to Fed. R. Civ. P. 23, Plaintiffs bring this action individually and on behalf of a class initially defined as follows ("the 1681e(b) Class"):

> All natural persons in Virginia for whom: (i) Real Page's records note that a consumer report was furnished to a third party on or after April 28, 2009; (ii) indicating that the consumer suffered an eviction from real property located in Virginia; and (iii) the computer database of the Supreme Court of Virginia shows that the unlawful detainer proceeding was dismissed, vacated, or otherwise resolved in favor of the consumer.

32.    **Numerosity.** Upon information and belief, the Plaintiffs allege that the 1681e(b) Class is so numerous that joinder of the claims of all class members is impractical. The names and addresses of the class members are identifiable through documents maintained by the Defendant and through publically available records of the Supreme Court of Virginia, and the class members may be notified of the pendency of this action by published and/or mailed notice.

33.    **Existence and Predominance of Common Questions of Law and Fact.** Common questions of law and fact exist as to all putative class members. These questions predominate over the questions affecting only individual members. These common legal and factual questions include, among other things: (a) whether Real Page, as a matter of policy and practice, indicated that a consumer suffered an eviction once an unlawful detainer proceeding was filed and before entry of judgment, if any; (b) whether Real Page adopted procedures that collected and reported updates to unlawful detainer cases that were less systematic and effective than those it used to initially collect and report the cases; (c) whether this conduct

constituted a violation of the FCRA; and (d) whether the violation was negligent, reckless, knowing, or intentionally committed in conscious disregard of the rights of the Plaintiff and putative class members.

34.    Typicality. Plaintiffs' claims are typical of the claims of each putative class member and all are based on the same facts and legal theories. Plaintiffs, as every putative class member, alleges a violation of the same FCRA provision, 15 U.S.C. §1681e(b). This claim challenges the credit reporting procedures of Real Page and does not depend on any individualized facts. Upon information and belief, Real Page obtains all of its Virginia unlawful detainer records under the same contract from the same vendor. Real Page's notice and knowledge of the challenged reporting problem is the same for Plaintiffs as for the putative class. For purposes of class certification, Plaintiffs seeks only statutory and punitive damages. Plaintiffs would seek individual or actual damages only if class certification is denied. In addition, Plaintiffs are entitled to the relief under the same causes of action as the other members of the class.

35.    Adequacy. Plaintiffs will fairly and adequately protect the interests of the class. Plaintiffs have retained counsel experienced in handling actions involving unlawful practices against consumers and class actions. Neither Plaintiffs nor their counsel have any interests that might cause them not to vigorously pursue this action. Plaintiffs are aware of their responsibilities to the putative class and accept such responsibilities.

36.    Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

a.    As alleged above, the questions of law or fact common to the members of the classes predominate over any questions affecting an individual member. Each of the

common facts and legal questions in the case overwhelm the more modest individual damages issues. The statutory and punitive damages sought by each member are such that the individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. Further, those individual issues that do exist can be effectively streamlined and resolved in a manner that minimizes the individual complexities and differences in proof in the case.

b.      A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Consumer claims generally are ideal for class treatment as they involve many, if not most, consumers who are otherwise disempowered and unable to afford and bring such claims individually. Further, most consumers affected by Real Pages's conduct described above are likely unaware of their rights under the law or of whom they could find to represent them in federal litigation. Individual litigation of the uniform issues in this case would be a waste of judicial resources. The issues at the core of this case are class wide and should be resolved at one time. One win for one consumer would set the law for every similarly situated consumer.

37.     Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer reports it furnished regarding the Plaintiffs and putative class members.

38.     Defendant's violation of 15 U.S.C. § 1681e(b) was willful, rendering the Defendant liable pursuant to 15 U.S.C. § 1681n. In the alternative, the Defendant was negligent entitling the Plaintiffs to recover under 15 U.S.C. § 1681o.

39.     Plaintiffs and the putative class members are entitled to recover statutory damages, punitive damages, costs, and attorneys' fees from the Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

### COUNT TWO: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681g(a)(1)
### Class Claim

40.     Plaintiffs restate each of the allegations in the preceding paragraphs as if set forth at length herein.

41.     The **1681g(a)(1)** Class. Pursuant to Fed. R. Civ. P. 23, Plaintiffs brings this action individually and on behalf of a class initially defined as follows ("the 1681g(a)(1) Class"):

> All natural persons who requested a copy of their consumer report (or consumer file) from Real Page on or after April 28, 2009, and received a report that failed to disclose the information in the consumer's file obtained from Experian, Equifax, Trans Union, or TeleCheck Services.

42.     Numerosity. Upon information and belief, the Plaintiffs allege that the FCRA Class is so numerous that joinder of the claims of all class members is impractical. The names and addresses of the class members are identifiable through documents maintained by the Real Page and the other credit reporting agencies, and the class members may be notified of the pendency of this action by published and/or mailed notice.

43.     Existence and Predominance of Common Questions of Law and Fact. Common questions of law and fact exist as to all putative class members. These questions predominate over the questions affecting only individual members. These common legal and factual questions include, among other things: (a) whether Real Page clearly and accurately all the information in a consumer's file by omitting the information in the file obtained from Experian, Equifax, Trans Union, and Telecheck; (b) whether this conduct constituted a violation of the

FCRA; and (c) whether the violation was negligent, reckless, knowing, or intentionally committed in conscious disregard of the rights of the Plaintiffs and putative class members.

44.     Typicality. Plaintiffs' claims are typical of the claims of each putative class member and all are based on the same facts and legal theories. Plaintiffs, as every putative class member, alleges a violation of the same FCRA provision, 15 U.S.C. §1681g(a)(1). This claim challenges Real Page's credit reporting disclosures and does not depend on any individualized facts. Upon information and belief, Real Page—as a matter of policy and practice—omits all information obtained from Experian, Equifax, Trans Union, and TeleCheck when it responds to consumer's requests for their credit files. Real Pages's notice and knowledge of the challenged reporting problem is the same for Plaintiffs as for the putative class. For purposes of class certification, Plaintiffs seek only statutory and punitive damages. Plaintiffs would seek individual or actual damages only if class certification is denied. In addition, Plaintiffs are entitled to the relief under the same causes of action as the other members of the class.

45.     Adequacy. Plaintiffs will fairly and adequately protect the interests of the class. Plaintiffs have retained counsel experienced in handling actions involving unlawful practices against consumers and class actions.  Neither Plaintiffs nor their counsel have any interests that might cause them not to vigorously pursue this action. Plaintiffs are aware of their responsibilities to the putative class and accept such responsibilities.

46.     Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

a.      As alleged above, the questions of law or fact common to the members of the classes predominate over any questions affecting an individual member.  Each of the common facts and legal questions in the case overwhelm the more modest individual damages issues.

10

The statutory and punitive damages sought by each member are such that the individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. Further, those individual issues that do exist can be effectively streamlined and resolved in a manner that minimizes the individual complexities and differences in proof in the case.

      b.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Consumer claims generally are ideal for class treatment as they involve many, if not most, consumers who are otherwise disempowered and unable to afford and bring such claims individually. Further, most consumers affected by Real Pages's conduct described above are likely unaware of their rights under the law or of whom they could find to represent them in federal litigation. Individual litigation of the uniform issues in this case would be a waste of judicial resources. The issues at the core of this case are class wide and should be resolved at one time. One win for one consumer would set the law for every similarly situated consumer.

      47.    Defendant violated 15 U.S.C. § 1681g(a)(1) by failing to clearly and accurately disclose to consumers all of the information in Defendant's file at the time of the request.

      48.    Defendant's violation of 15 U.S.C. § 1681g(a)(1) was willful, rendering the Defendant liable pursuant to 15 U.S.C. § 1681n. In the alternative, the Defendant was negligent entitling the Plaintiffs to recover under 15 U.S.C. § 1681o.

      49.    Plaintiffs and the putative class members are entitled to recover statutory damages, punitive damages, costs, and attorneys' fees from the Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT THREE: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681g(a)(2)
**Class Claim**

50.     Plaintiffs restate each of the allegations in the preceding paragraphs as if set forth at length herein.

51.     The 1681g(a)(2) Class. Pursuant to Fed. R. Civ. P. 23, Plaintiffs bring this action individually and on behalf of a class initially defined as follows ("the 1681g(a)(2) Class"):

> All natural persons who requested a copy of their consumer report (or consumer file) from Real Page on or after April 28, 2009, and received a report that failed to identify the source(s) of the information (*i.e.*, Real Page's third party vendor) for any judgment data in the report.

52.     Numerosity. Upon information and belief, the Plaintiffs allege that the 1681g(a)(2) Class is so numerous that joinder of the claims of all class members is impractical. The names and addresses of the class members are identifiable through documents maintained by the Defendant and through its third party vendor. The class members may be notified of the pendency of this action by published and/or mailed notice.

53.     Existence and Predominance of Common Questions of Law and Fact. Common questions of law and fact exist as to all putative class members. These questions predominate over the questions affecting only individual members. These common legal and factual questions include, among other things: (a) whether Real Page failed to properly disclose and/or falsely identified the source of its judgment information in consumer's credit files; (b) whether this conduct constituted a violation of the FCRA; and (c) whether the violation was negligent, reckless, knowing, or intentionally committed in conscious disregard of the rights of the Plaintiffs and putative class members.

54.     Typicality. Plaintiffs' claims are typical of the claims of each putative class member and all are based on the same facts and legal theories. Plaintiffs, as every putative class

member, allege a violation of the same FCRA provision, 15 U.S.C. §1681g(a)(2). This claim challenges Real Page's credit reporting disclosures and does not depend on any individualized facts. Upon information and belief, Real Page obtains all of its judgment data under the same contract from the same vendor. Real Page's notice and knowledge of the challenged reporting problem is the same for Plaintiffs as for the putative class. For purposes of class certification, Plaintiffs seek only statutory and punitive damages. Plaintiffs would seek individual or actual damages only if class certification is denied. In addition, Plaintiffs are entitled to the relief under the same causes of action as the other members of the class.

55.    Adequacy. Plaintiffs will fairly and adequately protect the interests of the class. Plaintiffs have retained counsel experienced in handling actions involving unlawful practices against consumers and class actions. Neither Plaintiffs nor their counsel have any interests that might cause them not to vigorously pursue this action. Plaintiffs are aware of their responsibilities to the putative class and has accepted such responsibilities.

56.    Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

a.    As alleged above, the questions of law or fact common to the members of the classes predominate over any questions affecting an individual member. Each of the common facts and legal questions in the case overwhelm the more modest individual damages issues. The statutory and punitive damages sought by each member are such that the individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. Further, those individual issues that do exist can be effectively streamlined and resolved in a manner that minimizes the individual complexities and differences in proof in the case.

b.      A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Consumer claims generally are ideal for class treatment as they involve many, if not most, consumers who are otherwise disempowered and unable to afford and bring such claims individually.  Further, most consumers affected by Real Pages's conduct described above are likely unaware of their rights under the law or of whom they could find to represent them in federal litigation. Individual litigation of the uniform issues in this case would be a waste of judicial resources. The issues at the core of this case are class wide and should be resolved at one time.   One win for one consumer would set the law for every similarly situated consumer.

57.     Defendant violated 15 U.S.C. § 1681g(a)(2) by failing to disclose the name of the source of the information in a consumer's file at the time of the request.

58.     In the alternative, Defendant violated 15 U.S.C. § 1681g(a)(2) by falsely identifying the source of the information in a consumer's file.

59.     Defendant's violation of 15 U.S.C. § 1681g(a)(2) was willful, rendering the Defendant liable pursuant to 15 U.S.C. § 1681n. In the alternative, the Defendant was negligent entitling the Plaintiffs to recover under 15 U.S.C. § 1681o.

60.     Plaintiffs and the putative class members are entitled to recover statutory damages, punitive damages, costs, and attorneys' fees from the Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

### COUNT FOUR: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681g(c)(2)
**Class Claim**

61.     Plaintiffs restate each of the allegations in the preceding paragraphs as if set forth at length herein.

62.     The 1681g(c)(2) Class. Pursuant to Fed. R. Civ. P. 23, Plaintiffs bring this action individually and on behalf of a class initially defined as follows ("the 1681g(c)(2) Class"):

> All natural persons who requested a copy of their consumer report (or consumer file) from Real Page on or after January 1, 2013, and received a report that did not contain the current "Summary of Rights" required by the Fair Credit Reporting Act and as promulgated by the Consumer Financial Protection Bureau.

63.     Numerosity. Upon information and belief, the Plaintiffs allege that the 1681g(c)(2) Class is so numerous that joinder of the claims of all class members is impractical. The names and addresses of the class members are identifiable through documents maintained by the Defendant and through of its third party vendor. The class members may be notified of the pendency of this action by published and/or mailed notice.

64.     Existence and Predominance of Common Questions of Law and Fact. Common questions of law and fact exist as to all putative class members. These questions predominate over the questions affecting only individual members. These common legal and factual questions include, among other things: (a) whether Real Page failed to use the correct "Summary of Rights" disclosure; (b) whether this conduct constituted a violation of the FCRA; and (c) whether the violation was negligent, reckless, knowing, or intentionally committed in conscious disregard of the rights of the Plaintiffs and putative class members.

65.     Typicality. Plaintiffs' claims are typical of the claims of each putative class member and all are based on the same facts and legal theories. Plaintiffs, as every putative class member, allege a violation of the same FCRA provision, 15 U.S.C. §1681g(c)(2). This claim challenges Real Page's credit reporting disclosures and does not depend on any individualized facts. Upon information and belief, Real Page sends the same "Summary of Rights" disclosure to all of the putative class members. Real Page's notice and knowledge of the challenged

reporting problem is the same for Plaintiffs as for the putative class. For purposes of class certification, Plaintiffs seek only statutory and punitive damages. Plaintiffs would seek individual or actual damages only if class certification is denied. In addition, Plaintiffs are entitled to the relief under the same causes of action as the other members of the class.

66.     Adequacy. Plaintiffs will fairly and adequately protect the interests of the class. Plaintiffs have retained counsel experienced in handling actions involving unlawful practices against consumers and class actions. Neither Plaintiffs nor their counsel have any interests that might cause them not to vigorously pursue this action. Plaintiffs are aware of their responsibilities to the putative class and has accepted such responsibilities.

67.     Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

a.     As alleged above, the questions of law or fact common to the members of the classes predominate over any questions affecting an individual member. Each of the common facts and legal questions in the case overwhelm the more modest individual damages issues. The statutory and punitive damages sought by each member are such that the individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. Further, those individual issues that do exist can be effectively streamlined and resolved in a manner that minimizes the individual complexities and differences in proof in the case.

b.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Consumer claims generally are ideal for class treatment as they involve many, if not most, consumers who are otherwise disempowered and unable to afford and bring such claims individually. Further, most consumers affected by Real Pages's conduct

described above are likely unaware of their rights under the law or of whom they could find to represent them in federal litigation. Individual litigation of the uniform issues in this case would be a waste of judicial resources. The issues at the core of this case are class wide and should be resolved at one time.  One win for one consumer would set the law for every similarly situated consumer.

68.     Defendant violated 15 U.S.C. § 1681g(c)(2) by failing to include the required information in the "Summary of Rights" prepared by the Consumer Financial Protection Bureau in the Plaintiffs' and putative class members' written disclosures.

69.     Defendant's violation of 15 U.S.C. § 1681g(c)(2) was willful, rendering the Defendant liable pursuant to 15 U.S.C. § 1681n. In the alternative, the Defendant was negligent entitling the Plaintiffs to recover under 15 U.S.C. § 1681o.

70.     Plaintiffs and the putative class members are entitled to recover statutory damages, punitive damages, costs, and attorneys' fees from the Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

WHEREFORE, Plaintiffs move for class certification and for judgment against the Defendant, as a class as alleged for statutory damages and punitive damages; and for attorneys' fees and costs, and such other specific or general relief the Court does find just and appropriate.

**MARJORIE ARNOLD and
RONDU ARNOLD,** *individually and on behalf of those similarly situated*

By_____
Of Counsel

Matthew J. Erausquin, VSB #65434
Janelle Mason Mikac, VSB # 82389
Casey S. Nash, VSB # 84261
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
(703) 273-7770 - Telephone
(888) 892-3513 - Fax
E-mail: matt@clalegal.com
E-mail: janelle@clalegal.com
E-mail: casey@clalegal.com

Kristi C. Kelly, VSB #72791
Andrew J. Guzzo, VSB #82170
KELLY & CRANDALL, PLC
4084 University Drive, Suite 202A
Fairfax, VA 22030
(703) 424-7572 - Telephone
(703) 591-0167 – Fax
E-mail: kkelly@kellyandcrandall.com
E-mail: aguzzo@kellyandcrandall.com

*Counsel for Plaintiffs*